ROY NOBLE LEE, Justice,
for the Court:
The complaint of Clinton U. Collins, seven other individuals, and Heritage Savings & Loan Association, Inc. against North Mississippi Savings & Loan Association and United States Fidelity & Guaranty Company was heard in the Chancery Court of Grenada County, Honorable John C. Love, Special Chancellor. From a decree dismissing the complaint with prejudice, complainants have appealed to this Court.
On August 4, 1972, North Mississippi Savings & Loan Association (North Mississippi) filed a petition with the Board of Savings & Loan Associations of the State of Mississippi to establish and operate a branch office of North Mississippi in the City of Grenada. Objection to granting North Mississippi’s petition was made by the individual appellants and, at the time of filing the objection, they filed with the Board of Savings & Loan Associations (BSLA) an application for a charter of Heritage Savings & Loan Association, Inc. (Heritage). The attorney/referee from the BSLA proceeded with the hearing on North Mississippi’s application, but assured the objectors that the petition of North Mississippi would not be decided until after the hearing on the application of Heritage.
On April 5, 1973, prior to the date set for hearing on the application for charter of Heritage, the BSLA met and approved the petition of North Mississippi to establish and operate a branch office in Grenada County, the statement of the attorney/referee notwithstanding. An appeal was taken by the objectors to the Chancery Court of Grenada County, which eventually reversed the decision of BSLA and remanded the cause to the board for consideration of the application by Heritage for a charter.
On January 24, 1974, North Mississippi gave notice of its intent to appeal from the final decree of the Chancery Court of Grenada County reversing the decision of the BSLA. The said chancery court granted North Mississippi an appeal with superse-deas and fixed a supersedeas bond in the amount of $20,000. United States Fidelity & Guaranty Company, appellant, executed a bond as surety. In September, 1975, approximately one year and nine months after the decision of the Chancery Court of Grenada County reversing the order of the BSLA, the Supreme Court of Mississippi affirmed that decree and remanded the matter for further consideration by the BSLA. On December 9, 1975, approximately three years from the date of its original application for charter, Heritage Savings & Loan Association, Inc. was granted a charter by the BSLA. The time lapse from the date of the chancery court decree reversing the BSLA’s action in authorizing North Mississippi to establish a branch office at Grenada was approximately two years.
The appellants filed this suit against North Mississippi alleging that as a result of the appeal with supersedeas taken by North Mississippi from the chancery court decree, the appellants sustained damages; that North Mississippi took the appeal knowing that the decision of the chancery court would probably be affirmed; that the appeal with supersedeas was taken in an effort to delay the incorporators of Heritage in obtaining the charter and was done willfully, maliciously, and in reckless disregard of the legal rights of the complainants; and they sought actual damages in the sum of $470,340, together with punitive damages in the amount of $1,000,000.
*830 Succinctly, the appellants charge that North Mississippi appealed from the decision of the Chancery Court of Grenada County, with malicious intent to delay the incorporators of Heritage from obtaining a charter and that the appeal was frivolous. Appellants claim the following damages in their complaint:
(1) The construction of the building to house the Heritage operation would have cost approximately $80,000 to build in the Spring of 1973, but would now cost $150,000.
(2) The land on which Heritage planned to build in the Spring of 1973 could have been bought at the time for $60,000, but would now cost approximately $110,000.
(3) Furniture and fixtures for the Heritage building would have cost $10,-000 in 1973 and now can only be purchased at a cost of approximately 50% higher.
(4) A 20-year first mortgage loan of $80,000 on the building to be constructed in the Spring of 1973 could have been obtained at an interest rate of 7 ½% resulting in an interest payment over the life of the mortgage of $74,675.20. The interest rate obtainable today is 10%. This means the cost of interest over the life of a 20-year mortgage would be $122,428.80, because of the delay.
(5) Anticipated profits of $26,630 per year for five years have been lost.
(6) The requirement for unimpaired capital has gone up during the time of the appeal from $300,000 to $500,000. The increase in the unimpaired capital requirement has kept Heritage from opening for business.
At various times during the course of the trial, the lower court struck appellants’ request for lost profits, struck their request for punitive damages, and dismissed Heritage Savings & Loan as a complainant since it was not in existence at the time of the appeals and alleged damages. The lower court ultimately dismissed the cause with prejudice.
The appellants assign five errors in the trial below, but we only address the question of whether or not the lower court erred in dismissing the cause with prejudice, and we affirm.
Mississippi Code Annotated § 11-51-31 (1972) provides for bond on appeal with supersedeas:
§ 11-51-31. Bond for supersedeas.[1]
On appeal from any interlocutory decree, where the chancellor shall allow a supersedeas, and on appeal from a final decree of the chancery court, or the final judgment of a circuit court where the appellant shall desire a supersedeas, bond shall be given by the appellant, payable to the opposite party, with two (2) or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state, in a penalty of one hundred twenty-five per cent (125%) of the amount of the decree or judgment appeal from, or one hundred twenty-five per cent (125%) of the amount of the value of the property or other matter in controversy, to be determined by the officer granting the appeal, conditioned that the appellant will satisfy the judgment or decree complained of, and also such final judgment as may be made in the cause, and all costs, if the same be affirmed, and a supersedeas shall not issue until such bond shall have been given. A superse-deas shall not be granted in any case pending in the supreme court, unless the party applying for it shall give bond as above required.
The lower court granted supersedeas and fixed the bond at $20,000, as stated. Without discussing whether or not the chancellor correctly granted supersedeas, or the amount thereof, we note that the appellants failed to take any action to discharge the supersedeas. Mississippi Code Annotated § 11-3-21 (1972) provides:
*831 § 11-3-21. Motion to discharge su-persedeas in certain cases.
A motion to discharge a supersedeas in an appeal to the supreme court may be made before and heard by the court on ten days’ notice to the opposite party, at any time before the day to which the appeal is returnable, and the court shall make such orders and render such judgment as may be proper in the case.
Likewise, the record does not indicate, upon affirmance of the judgment of the Chancery Court reversing the BSLA, that any attempt was made to recover damages on the bond, if the supersedeas was properly granted and if any damages were due.[2]
In North Mississippi v. Clinton U. Collins, et al., 317 So.2d 913 (Miss.1975), which appeal and case is the basis for the suit sub judice, the Court said:
Clearly, the statute, during pendency of North Mississippi’s application, only prohibits the Board from: (1) issuing a certificate of incorporation to a new association or (2) authorizing an existing association to establish a branch association or branch office, and (3) consenting to the removal of the domicile of an existing association. Thus, it is clear that North Mississippi’s contention in this regard is untenable. Our interpretation of the Act is that two applications may be simultaneously considered, but the first application filed must be either granted or dismissed before a subsequent application can be finally adjudicated or acted upon.
The question is squarely presented: If the Act does not prohibit the simultaneous consideration of two applications, did the chancellor err in ordering the Board to hear both applications before making a decision? We think he did not. Justification for this conclusion may be noted in the title to the Savings and Loan Act, which reads in part: “An Act to protect the saving public_” Ch. 228, § 1, [1962] Miss.General Laws 307. [317 So.2d at 915-916],
Thus, it may be seen that, although the case was affirmed, there were substantial questions involved which were presented to this Court on appeal.
We now address the dispositive issue of this case, e.g., whether or not an appeal taken in bad faith or a frivolous appeal will support a cause of action for damages arising from the time consumed before the appeal is determined. Mississippi Code Annotated § 11-3-23 (Supp.1983) provides a penalty in certain cases where the judgment of the lower court is affirmed. That penalty amounts to fifteen percent (15%) and costs as damages.
In this state, there is a right of appeal without restriction. The motive and reason for the appeal is not involved. Even though the appeal lacks merit, nevertheless, it may be taken by the losing party, subject only to the penalty provided in § 11-3-23, supra. The Court considered that penalty section in Walters v. Inexco Oil Co., 440 So.2d 268 (Miss.1983), and said:
Section 11-3-23 has application only where the appellant, as the unsuccessful litigant in the trial court, may by law take an appeal as of right. Appeals of interlocutory judgments or decrees are not subject to the penalty. Canal Bank and Trust Co. v. Brewer, 147 Miss. 885, 992-923, 114 So. 127, 128. This state makes no effort to limit the right of appeal, e.g., to cases where appellant proceeds in good faith, where there is probable cause to believe that the lower court has erred, and the like. The application of such threshold tests invariably leads to arbitrary and not infrequently unjust determinations of who may appeal and who may not. The fate of many appeals is necessarily determined summarily and without full briefing or argument.
*832 As unworkable as these quasi-subjective tests are, an unfettered automatic right of appeal brings its own evils. Unsuccessful defendants will take meritless appeals because they are made, to subject their adversaries to more costs and expenses, to squeeze a favorable settlement out of an impecunious plaintiff, and for less laudable reasons.
In this setting Mississippi has opted for the mandatory penalty rule. Every losing litigant is given an automatic right of appeal. When deciding whether to exercise that right, the penalty statute is there for him to consider. If he is successful on his appeal, of course, he incurs no penalty. If he loses, however, he must pay the price, a price he well knows and may easily calculate before giving his notice of appeal. [440 So.2d at 275].
We hold, under the facts of this case, the appellants failed to state a cause of action and the lower court committed no error in dismissing the bill of complaint with prejudice.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.

. The statute was amended effective July 1, 1978, to delete the phrase “and all costs, if the same be affirmed.”

. It is not necessary for us to decide here whether or not the lower court properly granted the supersedeas and we do not do so. If improperly granted, the supersedeas should have been discharged on a motion under § 11-3-21, supra.